Affirmed by Supreme Court, April 16, 2008

PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

KEITH LAVON BURGESS, a/k/a Buck Black,

*Defendant-Appellant.*

⎫
⎪
⎪
⎪
⎬
⎪
⎪
⎪
⎭

No. 04-4997

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Terry L. Wooten, District Judge.
(CR-03-107)

Argued: January 31, 2007

Decided: March 12, 2007

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

_____

Affirmed by published opinion. Judge Shedd wrote the opinion, in which Judge Wilkinson and Judge Niemeyer joined.

_____

## COUNSEL

**ARGUED:** W. James Hoffmeyer, Florence, South Carolina, for Appellant. Robert F. Daley, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF:** Reginald I. Lloyd, United States Attorney, A. Bradley Parham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

**OPINION**

SHEDD, Circuit Judge:

Keith Lavon Burgess pled guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. In sentencing Burgess, the district court applied the enhanced 20-year mandatory minimum sentence required by 21 U.S.C. § 841(b)(1)(A) for an offense committed "after a prior conviction for a felony drug offense has become final." Burgess now appeals, arguing primarily that the district court erroneously applied the 20-year mandatory minimum because his prior South Carolina conviction for cocaine possession, which is the predicate offense supporting the enhancement, is classified under state law as a misdemeanor and, therefore, is not a "felony drug offense" within the meaning of § 841(b)(1)(A). We disagree. The term "felony drug offense" is specifically and unambiguously defined in 21 U.S.C. § 802(44) for purposes of the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801 *et seq.*, and Burgess's prior cocaine possession conviction fits squarely within that definition. Accordingly, we affirm.

I

Under § 841(b)(1)(A), a conviction rendered pursuant to § 841(a)(1) involving 50 grams or more of cocaine base results in a mandatory minimum 10-year prison sentence.[1] Section 841(b)(1)(A) further provides that if the defendant committed the offense "after a prior conviction for a felony drug offense has become final," the mandatory minimum is enhanced to 20 years. Although § 841 does not define "felony drug offense," § 802(44) defines it for purposes of the CSA as "an offense that is punishable by imprisonment for more than one year under any law of . . . a State . . . that prohibits or restricts conduct relating to narcotic drugs . . . ."

---

[1]"Section 841(b)(1) provides penalties not only for violations of § 841, but also for transgressions of § 846 that involve a conspiracy to commit an offense defined in § 841." *United States v. Stokes*, 261 F.3d 496, 499 n.4 (4th Cir. 2001).

Burgess's Presentence Report ("PSR") calculated his sentencing guidelines range to be 151-188 months based on a total offense level of 31 and a criminal history category of IV. Before sentencing, the government filed an Information pursuant to 21 U.S.C. § 851 notifying Burgess that he was subject to the § 841(b)(1)(A) 20-year mandatory minimum because of his prior conviction under S.C. Code Ann. § 44-53-370(d)(1) for misdemeanor possession of cocaine. Burgess received a one-year sentence for that conviction, but the maximum possible sentence was two years. *See id.* The PSR was amended to reflect the enhancement, and Burgess objected, asserting (inter alia) that his prior cocaine possession conviction is not a "felony drug offense" within the meaning of § 841(b)(1)(A).

Specifically, Burgess argued that even though § 802(44) defines "felony drug offense" as being "an offense that is punishable by imprisonment for more than one year under any law of . . . a State . . . that prohibits or restricts conduct relating to narcotic drugs," the term as used in § 841(b)(1)(A) is ambiguous because another CSA definition provision, 21 U.S.C. § 802(13), defines "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony." Invoking the rule of lenity, which provides that "an ambiguous criminal statute is to be construed in favor of the accused," *Staples v. United States*, 511 U.S. 600, 619 n.17 (1994), Burgess contended that "felony drug offense" in § 841(b)(1)(A) must be defined by incorporating the § 802(13) definition of "felony" into the § 802(44) definition of "felony drug offense," and such a reading mandates that the § 841(b)(1)(A) enhanced mandatory minimum applies only when a prior conviction is both classified as a felony *and* punishable by more than one year of imprisonment. Because his prior cocaine possession conviction is classified as a misdemeanor under S.C. Code Ann. § 44-53-370(d)(1), Burgess maintained that it is not a "felony drug offense."

The district court overruled this objection, concluding that "felony drug offense" for purposes of § 841(b)(1)(A) is defined by § 802(44) without reference to § 802(13). Because the prior cocaine possession conviction was punishable by more than one year of imprisonment, the district court applied the § 841(b)(1)(A) enhancement and increased the mandatory minimum from 10 to 20 years. After granting a downward departure motion made by the government based on

substantial assistance, the district court sentenced Burgess to 156 months of imprisonment.

Burgess thereafter noticed this appeal, and his attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising two issues, one of which is the propriety of the § 841(b)(1)(A) enhancement.[2] After reviewing the entire record in accord with *Anders*, we directed the government to file a responsive brief, and we notified Burgess of his right to file a pro se supplemental brief in an *Anders* case (which he did not do).

Subsequent to Burgess's sentencing, two federal appellate courts considered the precise issue now before us, reaching conflicting results. Consistent with Burgess's position below and on appeal, the D.C. Circuit applied the rule of lenity and held that "felony drug offense," as used in § 841(b)(1)(A), is defined by §§ 802(13) and 802(44); under this reasoning, the applicability of the enhancement is limited "to those instances in which the prior drug offense is *both* punishable by more than one year and classified as a felony by the controlling authority." *United States v. West*, 393 F.3d 1302, 1315 (D.C. Cir. 2005). Rejecting this approach, the First Circuit held that "the definition of 'felony drug offense' contained in § 802(44) unambiguously controls for the purposes of determining whether the penalty enhancement in § 841(b)(1)(A) is triggered" and, therefore, the enhancement applies when the defendant has a prior drug conviction that is punishable by more than one year of imprisonment, regardless of how the offense is classified. *United States v. Roberson*, 459 F.3d 39, 51 (1st Cir. 2006), *cert. denied*, ___ S. Ct. ___ (Feb. 20, 2007). The parties have cited these cases in support of their respective positions, and the courts' opinions thoroughly detail their underlying rationales. *See Roberson*, 459 F.3d at 50-55; *West*, 393 F.3d at 1310-15.

---

[2]Burgess's attorney also raised the propriety of Burgess's base offense level calculation under *United States v. Booker*, 543 U.S. 220 (2005). In light of our determination that the district court properly applied the 20-year mandatory minimum, we need not consider the *Booker* issue further.

## II

The district court's interpretation of "felony drug offense," as it is used in § 841(b)(1)(A), involves a pure question of law, which we review de novo. *Ramey v. Director, O.W.C.P.*, 326 F.3d 474, 476 (4th Cir. 2003). Using common sense as a guide, *Kofa v. I.N.S.*, 60 F.3d 1084, 1088 (4th Cir. 1995) (en banc), "[o]ur first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case," *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). We determine the "plainness or ambiguity of statutory language . . . by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341. "Our inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent." *Id.* at 340 (internal quotation marks omitted). In most instances, "[s]tatutory definitions control the meaning of statutory words," *Lawson v. Suwanee Fruit & S.S. Co.*, 336 U.S. 198, 201 (1949), and "[w]hen a statute includes an explicit definition, we must follow that definition, even if it varies from that term's ordinary meaning," *Stenberg v. Carhart*, 530 U.S. 914, 942 (2000). Moreover, a statutory definition "which declares what a term means . . . excludes any meaning that is not stated." *Colautti v. Franklin*, 439 U.S. 379, 392 n.10 (1979) (internal quotation marks omitted).

As we have noted, § 841 does not define "felony drug offense," but § 802(44) does in plain and unambiguous terms:

> The term "felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

Like the First Circuit, whose reasoning we adopt, we believe that "[b]ecause the term 'felony drug offense' is specifically defined in § 802(44), and § 841(b)(1)(A) makes use of that precise term, the logical, commonsense way to interpret 'felony drug offense' in § 841(b)(1)(A) is by reference to the definition in § 802(44)." *Rober-*

*son*, 459 F.3d at 52. We discern no basis from the plain language or statutory scheme of the CSA to indicate that Congress intended "felony drug offense" also to incorporate the definition in § 802(13). We also reject Burgess's attempt to invoke the rule of lenity because we find that there is no "grievous ambiguity or uncertainty" in the pertinent statutes. *See Muscarello v. United States*, 524 U.S. 125, 138-39 (1998) ("To invoke the rule [of lenity], we must conclude that there is a grievous ambiguity or uncertainty in the statute." (internal quotation marks omitted)).[3]

In light of our interpretation of § 841(b)(1)(A), Burgess's prior conviction for cocaine possession constitutes a "felony drug offense." Accordingly, the district court correctly applied the 20-year mandatory minimum to his sentence.

### III

Based on the foregoing, we affirm the conviction and sentence. We direct counsel to inform Burgess, in writing, of the right to petition the Supreme Court of the United States for further review. If Burgess requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move for leave to withdraw

---

[3]Apart from the foregoing, we reject Burgess's argument that the § 802(13) definition of "felony" must be incorporated into § 802(44) for an additional reason. In *United States v. Amaya-Portillo*, 423 F.3d 427 (4th Cir. 2005), we considered whether a state conviction for cocaine possession qualifies as an "aggravated felony" under U.S.S.G. § 2L1.2 if it is a misdemeanor under the applicable state law and punishable only as a misdemeanor under the CSA. Resolution of this issue required us ultimately to determine for purposes of 18 U.S.C. § 924(c) what constitutes a "drug trafficking crime," which is defined as "any felony punishable under the [CSA]." We concluded that § 802(13) — without reference to § 802(44) — provides the definition of "felony" under the CSA. Looking to §§ 802(13) and 802(44), we explained that "felony" and "felony drug offense" "are two different terms with different definitions under the CSA," and that a state offense can be a "felony drug offense" but not a "felony." 423 F.3d at 435. Because Burgess's argument is necessarily predicated on reading the § 802(13) definition of "felony" into the § 802(44) definition of "felony drug offense," our analysis in *Amaya-Portillo* negates his argument.

from representation. Counsel's motion must state that a copy thereof was served on Burgess.

*AFFIRMED*