**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4372

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRY WILLIAMS MAYFIELD,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Joseph F. Anderson, Jr., Chief District Judge. (0:04-cr-00874-JFA-AL)

Submitted: April 4, 2007                     Decided: May 8, 2007

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cameron B. Littlejohn, Jr., Columbia, South Carolina, for Appellant. Stanley D. Ragsdale, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Terry Williams Mayfield pled guilty to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 (2000). The district court sentenced him to a mandatory term of life imprisonment under 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2006), based upon Mayfield's two prior South Carolina convictions for possession of cocaine and possession of crack cocaine. Mayfield's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the adequacy of the plea colloquy and the reasonableness of the sentence but stating that, in his view, there are no meritorious issues for appeal. Mayfield has filed a pro se supplemental brief.[*] We affirm.

Counsel raises as a potential issue the adequacy of the plea colloquy conducted pursuant to Fed. R. Crim. P. 11, but does not specify any deficiencies in the district court's Rule 11 inquiries. Because Mayfield did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard of review). Our careful

---

[*]To the extent Mayfield suggests that counsel provided ineffective assistance, we decline to review that claim on direct appeal. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.) (providing standard), cert. denied, 126 S. Ct. 1407 (2006).

review of the record convinces us that the district court fully complied with the mandates of Rule 11 in accepting Mayfield's guilty plea and ensured that Mayfield entered his plea knowingly and voluntarily and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Counsel also questions whether the district court erred by imposing a mandatory term of life imprisonment under § 841(b)(1)(A). Because Mayfield did not object in the district court on this ground, our review is for plain error. See United States v. Hughes, 401 F.3d 540, 547-48, 555 (4th Cir. 2005) (discussing standard). We find no error in the district court's imposition of the mandatory life sentence. See United State v. Burgess, 478 F.3d 658, __, 2007 WL 726736, at *2-*3 (4th Cir. Mar. 12, 2007) (No. 04-4997) (holding that, for purposes of applying enhanced penalty in § 841(b)(1)(A), felony drug offense includes any crime punishable by more than one year of imprisonment, regardless of whether it is classified as a felony or a misdemeanor).

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Mayfield's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for

further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED