**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4266**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

BRYAN KENDALL MORRISON, a/k/a Drake,

              Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, Chief District Judge. (1:08-cr-00024-jpj-pms-15)

Submitted: December 29, 2009     Decided: February 5, 2010

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles Y. Sipe, GOODMAN, WEST & FILETTI, PLLC, Charlottesville, Virginia, for Appellant. Julia C. Dudley, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryan Kendall Morrison was found guilty by a jury of one count of conspiracy to distribute and possess with the intent to distribute fifty grams or more of cocaine base and five hundred grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006) and 21 U.S.C. § 846 (2006). Prior to trial, the Government filed a Sentencing Enhancement Information, charging that Morrison had four prior convictions for felony drug offenses that had become final prior to the offense charged in the indictment, and notifying Morrison that upon conviction for the offense in the indictment he would be sentenced to a mandatory term of life imprisonment. At sentencing, the district court denied Morrison's objection to his presentence report ("PSR"), and sentenced him to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) (2006). On appeal, Morrison contends that: (1) the district court erred in sentencing him to life in prison; (2) the evidence was insufficient to sustain his conviction; and (3) the district court erred in admitting evidence of his prior felony drug convictions pursuant to Federal Rule of Evidence 404(b). For the reasons that follow, we affirm.

Morrison first asserts that he should not have been sentenced to life in prison. Morrison argues that "to count as a prior conviction [under § 841(b)], a career offender felony

predicate must also score criminal history points under [U.S. Sentencing Guidelines Manual] § 4A1.2," and cites to this court's decision in United States v. Mason, 284 F.3d 555 (4th Cir. 2002), for support. Under this analysis, Morrison claims that the first conviction relied upon by the Government cannot count as a predicate conviction because he was a minor at the time of conviction, and that his second and third convictions should count as only one qualifying conviction. Because the district court concluded that Morrison's fourth prior conviction could not be counted for the purposes of the statutory mandatory minimum under § 841, Morrison's argument, if accepted, would leave only one conviction to count as a predicate offense.

Under 21 U.S.C. § 841(b)(1)(A), "[i]f any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence." Whether a district court properly interpreted the term "felony drug offense" in § 841(b)(1)(A) "involves a pure question of law," which this court reviews de novo. United States v. Burgess, 478 F.3d 658, 661 (4th Cir. 2007), aff'd, 553 U.S. 124 (2008).

Section 841 does not define the term "felony drug offense," but 21 U.S.C. § 802(44) (2006) does, "in plain and unambiguous terms." Burgess, 478 F.3d at 662. Section 802(44) defines a felony drug offense as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). As we have previously held, "because the term 'felony drug offense' is specifically defined in § 802(44), and § 841(b)(1)(A) makes use of that precise term, the logical, commonsense way to interpret 'felony drug offense' in § 841(b)(1)(A) is by reference to the definition in § 802(44)." Burgess, 478 F.3d at 662 (internal quotation marks and alternations omitted).

Despite Morrison's assertions, this court's holding in Mason and the requirements of the U.S. Sentencing Guidelines Manual for designation as a career offender pursuant to § 4B1.1 are inapposite to his sentence. Rather, the district court made clear at the sentencing hearing that Morrison was being sentenced under the mandatory minimum sentence provision contained within § 841(b) for defendants with two or more prior felony drug convictions.

4

The district court relied on three convictions in the Superior Court of Alamance County, North Carolina in sentencing Morrison: (1) an April 26, 2000 conviction for possession with the intent to sell or deliver marijuana, in violation of N.C. Gen. Stat. § 90-95(a) (2007), manufacturing marijuana, in violation of N.C. Gen. Stat. § 90-95(a)(1), and felony possession of cocaine, in violation of N.C. Gen. Stat. § 90-95(d)(2) (2007); (2) a May 30, 2003 conviction for conspiracy to sell cocaine, in violation of N.C. Gen. Stat. § 90-98 (2007), with an offense date of September 6, 2002; and (3) a May 30, 2003 conviction for conspiracy to sell cocaine, in violation of N.C. Gen. Stat. § 90-98, with an offense date of September 24, 2002. Morrison did not dispute these convictions.

All three of Morrison's convictions qualify as prior felony drug offenses under § 802(44). First, although two of the convictions occurred on the same day, because they resulted from two separate "episodes of criminality," they constitute two separate convictions for the purpose of sentencing under § 841(b)(1)(a). United States v. Ford, 88 F.3d 1350, 1366 (4th Cir. 1996). Second, all three convictions were under the laws of North Carolina that prohibit "conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Finally, although Morrison himself was not sentenced to a term of imprisonment for more

5

than one year, all of the convictions were punishable by imprisonment for more than one year. See N.C. Gen. Stat. § 15A-1340.17(c), (d) (2007); United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) (explaining that, for the purpose of determining "whether a conviction is for a crime punishable by a prison term exceeding one year," a court must consider "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history"). As a result, Morrison had a sufficient number of prior felony drug offenses to qualify him for the statutorily prescribed mandatory minimum, and the district court did not err in sentencing Morrison to life imprisonment.

Morrison also argues that the evidence was insufficient to sustain his conviction of conspiracy to distribute and to possess with intent to distribute cocaine base and cocaine. In reviewing a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the Government, and ask whether "'any rational trier of facts could have found the defendant guilty beyond a reasonable doubt.'" United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008) (quoting United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982)). This court considers both direct and circumstantial evidence, and "allow[s] the [G]overnment all reasonable inferences that could be drawn in its favor." Id.

Conflicts in testimony are weighed by the jury, and this court will not weigh the evidence or judge the credibility of the witnesses.  Id.

To prove conspiracy to distribute and to possess with intent to distribute a controlled substance, the Government must have established "beyond a reasonable doubt that: '(1) an agreement' to distribute and 'possess cocaine with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy.'" United States v. Yearwood, 518 F.3d 220, 225-26 (4th Cir.) (quoting United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc)), cert. denied, 129 S. Ct. 137 (2008). Nonetheless, because a conspiracy is, "by its very nature . . . clandestine and covert," proving its existence is often done through circumstantial evidence "and the context in which the circumstantial evidence is adduced."  Burgos, 94 F.3d at 857. Accordingly, the Government "need not prove that the defendant knew the particulars of the conspiracy or all of his coconspirators" or that his connection to the conspiracy was anything more than "slight."  Id. at 858, 861.  The "[c]ircumstantial evidence sufficient to support a conspiracy conviction need not exclude every reasonable hypothesis of

innocence, provided the summation of the evidence permits a conclusion of guilt beyond a reasonable doubt." Id. at 858.

With these standards in mind, the evidence presented at trial established that during the time in question, Morrison and numerous other individuals were involved in selling cocaine in Bristol, Virginia. Derrick Evans, a co-conspirator, testified that he, Kerry Lee, and Oedipus Mumphrey came to Bristol in 2006 and began selling cocaine there, explaining that Lee and Mumphrey would make trips to various locations to obtain large quantities of cocaine, and then return to Bristol where they provided Evans with cocaine to sell and sold cocaine on their own. Mumphrey confirmed Evans's account of the activities of the three men, stating that the purpose of coming to Bristol was to sell cocaine. Mumphrey testified that Morrison and five other individuals came with him in 2006 to Bristol to help sell the cocaine faster. He detailed the structure of the conspiracy, explaining that the cocaine was purchased, cooked up in hotel rooms by those assisting him, and then distributed to two individuals who were responsible for distributing the drugs to the sellers, including Morrison. Mumphrey unequivocally stated that Morrison "sold a couple of ounces" for him, and that after he did not properly return money from the drug sales, Morrison dealt with Mumphrey directly for the purposes of the sales.

Other co-conspirators, including Candace Maynard, Jessica Rodriquez, and Emmanuel Morton, all testified that Morrison came to Bristol to sell cocaine with other members of the conspiracy and was present in the hotel rooms where the conspirators gathered to sell and obtain the drugs. Morton testified that he witnessed Mumphrey give cocaine to Morrison. Construing the testimony in the light most favorable to the Government, and allowing the Government all reasonable inferences that could be drawn in its favor, the evidence showed that Morrison was involved in an agreement between two or more persons to possess with intent to distribute cocaine, that he was aware of the conspiracy, and that he knowingly and voluntarily became a part of it. Accordingly, the evidence was sufficient to support the jury's verdict.

Lastly, Morrison argues that the district court erred when it permitted the jury to hear evidence of his prior felony drug convictions, asserting that this evidence was unfairly prejudicial. Under Rule 404(b) of the Federal Rules of Evidence, "[e]vidence of other crimes, wrongs, or acts is not admissible" if that evidence is used to prove the character of the defendant "in order to show action in conformity therewith." However, such evidence is admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.

R. Evid. 404(b). As it "is understood to be a rule of inclusion," the list provided in Rule 404(b) is not exhaustive. United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997). Evidence under Rule 404(b) is admissible if four conditions are satisfied:

> First, "the evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes." Second, "the act must be necessary in the sense that it is probative of an essential claim or an element of the offense." Third, "the evidence must be reliable." Finally, "the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process."

United States v. Gray, 405 F.3d 227, 239 (4th Cir. 2005) (quoting Queen, 132 F.3d at 997) (citations and alterations omitted). Whether a district court properly admitted evidence under Rule 404(b) is an evidentiary ruling that is reviewed for abuse of discretion. Id. at 238.

All four conditions are satisfied here. First, the evidence was not admitted for the purpose of establishing Morrison's character. Morrison was charged with conspiracy to distribute and to possess with intent to distribute cocaine. The prior convictions that the Government sought to introduce were delivering and sale of cocaine, possession with intent to

10

sell and deliver cocaine, maintaining a vehicle or dwelling or place to sell cocaine, and possession of drug paraphernalia, which the Government argued demonstrated Morrison's knowledge, intent, and absence of mistake with regard to the conspiracy charge. To prove the conspiracy charge against Morrison, the Government was required to show that Morrison knew of the conspiracy and knowingly and voluntarily became a part of it. Morrison's prior convictions for numerous cocaine-related offenses, including possession and sale, were relevant and necessary to demonstrate that he had knowledge of these activities, he had the intent to engage in the same activities during the life of the conspiracy, and his engagement in these activities was not accidental or mistaken. The evidence was reliable, having been introduced during the testimony of Special Agent Todd Brewer, who obtained a certified copy of Morrison's convictions. Finally, the probative value of the evidence was not substantially outweighed by confusion or unfair prejudice. Although this information was damaging to Morrison, it was not unfairly prejudicial, nor did it "subordinate reason to emotion in the factfinding process." Gray, 405 F.3d at 239. No additional details were provided regarding Morrison's convictions that could have inflamed the jury's emotions. Despite Morrison's claims that there was a paucity of physical evidence against him, the testimony of his co-conspirators was

11

sufficient to demonstrate his active involvement in the conspiracy, such that the prior conviction evidence cannot be said to be responsible for his conviction. Thus, the district court did not abuse its discretion in admitting the evidence regarding Morrison's prior convictions under Rule 404(b).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED