**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 10-5308**

───────────────

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

JACKIE CLARK,

         Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:06-cr-00035-RLV-DCK-14)

───────────────

Submitted: October 25, 2011      Decided: December 7, 2011

───────────────

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

───────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

───────────────

John J. Cacheris, DOZIER, MILLER, POLLARD & MURPHY, LLP, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jackie Clark ("Clark") appeals his conviction by jury and the subsequent life sentences imposed for conspiring to manufacture and possess with intent to distribute at least 500 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (2006), and for persuading a minor to commit a federal drug crime, in violation of 21 U.S.C. §§ 841 and 861 (2006).  We affirm his convictions but vacate his sentences and remand to the district court for resentencing.


## I.   Trial

On appeal, Clark asserts that the district court made three errors  at his trial.  First, he contends that Kristen Pilkenton's testimony respecting her boyfriend's purchase of methamphetamine from Clark should have been excluded because the consummation of the transaction occurred inside Clark's tattoo parlor, where she was not present.  A district court's evidentiary rulings are reviewed for abuse of discretion. United States v. Caro, 597 F.3d 608, 633 (4th Cir. 2010).  A trial court's exercise of such discretion is entitled to "substantial deference," United States v. Myers, 589 F.3d 117, 123 (4th Cir. 2009), and will be upheld unless the court "acts arbitrarily or irrationally, fails to consider judicially

2

recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." United States v. Delfino, 510 F.3d 468, 470 (4th Cir. 2007). Further, "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a). Erroneously admitted evidence is harmless if a reviewing court is able to conclude, "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Johnson, 587 F.3d 625, 637 (4th Cir. 2009) (quoting Kotteakos v. United States, 328 U.S. 750, 765 (1946)).

Our review of the record convinces us that any error in the admission of the challenged statement was harmless. Clark's contention that the admission of her statement violated his substantial rights is therefore without merit. Id. at 637.

Second, Clark asserts that the district court should have excluded the testimony of two Government witnesses, Jerry Malone and Johnny Watson, for their failure to abide by the sequestration order when several witnesses began sharing information in the holding cell, during the trial. A district court has three options for addressing a violation of a sequestration order. United States v. Smith, 441 F.3d 254, 263 (4th Cir. 2006). The court can: 1) sanction the witness for

3

contempt; 2) ensure that the jury is aware of the violation through cross-examination by counsel or through instructions by the court; or 3) exclude all or part of the witness' testimony. United States v. Rhynes, 218 F.3d 310, 323 (4th Cir. 2000) (en banc). While this Court reviews the district court's choice of remedy for abuse of discretion, Smith, 441 F.3d at 263, whichever remedy is ultimately employed must be proportional to the violation. Rhynes, 218 F.3d at 321. Exclusion of a witness' testimony "is so severe that it is generally employed only when there has been a showing that a party or a party's counsel caused the violation." United States v. Cropp, 127 F.3d 354 (4th Cir. 1997).

Clark recognizes that the district court excluded the testimony of two other Government witnesses for violating the sequestration order, but claims that the court should also have barred Malone and Watson from giving testimony against Clark. The district court, however, conducted a lengthy voir dire of each of the Government's witnesses who were implicated in the mid-trial holding cell discussions, and concluded that Malone and Watson, unlike the witnesses whom it ultimately excluded, did not engage in extensive discussion of their testimony. Moreover, the district court allowed both Malone and Watson to be interrogated on cross-examination about the pre-testimony discussions between witnesses. Given the facts found by the

4

district court, we decline to hold that its decision to employ a lesser remedy than exclusion was an abuse of discretion. Rhynes, 218 F.3d at 323.

The third source of trial error alleged by Clark asserts that the prosecution's closing arguments improperly mentioned Clark's co-conspirators, vouched for the Government's witnesses, and suggested that defense witnesses were high on drugs while testifying. Because he did not object to the closing argument at trial, this Court's review is for plain error. United States v. Adam, 70 F.3d 776, 780 (4th Cir. 1995); United States v. Moore, 11 F.3d 475, 481 (4th Cir. 1993). To establish plain error, Clark must show that "(1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342–43 (4th Cir. 2009). "If all three of these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Carr, 303 F.3d 539, 543 (4th Cir. 2002) (internal quotation marks, citations, and alterations omitted).

A defendant's due process rights are violated by the prosecution's comments if (1) the prosecution's remarks were improper, and if (2) the improper remarks prejudiced the

5

defendant's substantial rights to such a degree that he was denied a fair trial. United States v. Lighty, 616 F.3d 321, 359 (4th Cir. 2010) ; see also United States v. Wilson, 624 F.3d 640, 656-57 (4th Cir. 2010) (listing factors used to determine the question of prejudice).

We have thoroughly examined each of Clark's contentions and conclude that, even assuming that the prosecutor's comments were improper, they did not deprive Clark of a fair trial, given the relatively isolated nature of the remarks, the substantial strength of the other evidence in the case, and the court's instructions to the jury. Wilson, 624 F.3d at 656-57.

## II. Sentence

With respect to his sentence, Clark contends that the district court erred in determining that his prior North Carolina convictions were felonies for the purposes of applying the sentence enhancements in 21 U.S.C. § 841(b)(1)(A). Whether the district court properly interpreted the term "felony drug offense" as used in § 841(b)(1)(A) is a question of law that this Court reviews de novo. United States v. Burgess, 478 F.3d 658, 661 (4th Cir. 2007), aff'd, 553 U.S. 124 (2008); United States v. Tucker, 473 F.3d 556, 560 (4th Cir. 2007).

Section 841(b)(1)(A) provides that a defendant shall be sentenced to a mandatory term of life imprisonment if he "commits a violation of this subparagraph or of section . . . 861 of this title after two or more prior convictions for a felony drug offense have become final."  Id.  A "felony drug offense" is

> an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

21 U.S.C. § 802(44) (2006); Burgess v. United States, 553 U.S. 124, 129 (2008).

Here, the district court predicated Clark's mandatory life sentence on the two prior North Carolina drug convictions noticed in the Government's 21 U.S.C. § 851 (2006) information. At the time of Clark's sentencing, this Court determined whether a prior conviction was punishable with more than a year's imprisonment by considering "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history."  United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005).  While Clark's appeal was pending, however, Harp was overruled by the en banc decision in United States v. Simmons, 649 F.3d 237, 241 (4th Cir. 2011). This Court held in Simmons that a prior North Carolina offense

7

was punishable for a term exceeding one year only if the particular defendant before the court had been eligible for such a sentence under the applicable statutory scheme, taking into account his criminal history and the nature of his offense. Id. at 247; see also N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting forth North Carolina's structured sentencing scheme).

Under Simmons, Clark's two prior North Carolina convictions are not felonies for purposes of 21 U.S.C. § 841(b)(1)(A) because they were not punishable by more than a year of incarceration. Both of Clark's North Carolina convictions were Class I felonies, and the state court determined that he had a prior record level of IV. No findings of aggravation or mitigation were made. Under these circumstances, the maximum possible sentence that Clark could have received was ten months. See N.C. Gen. Stat. § 15A-1340.17(c)-(d). Therefore, we hold that the district court erred in concluding that Clark was subject to a mandatory life sentence under § 841(b)(1)(A), and that his case must be remanded for resentencing.

Accordingly, we affirm Clark's convictions and vacate his sentences, remanding the case to the district court for

resentencing.* We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

\* Although the fact that this case must be remanded for resentencing obviates the necessity to rule at this time on Clark's claim that he was erroneously deemed a career offender at sentencing, we note that, for purposes of career offender status under the Guidelines, a "prior felony conviction" is a conviction for an offense "punishable" by death or imprisonment for a term exceeding one year, "regardless of the actual sentence imposed." USSG § 4B1.2, cmt. n.1; <u>see also</u> <u>McNeill v. United States</u>, 131 S. Ct. 2218, 2224 (2011) (a sentencing court must consult the maximum term of imprisonment applicable to the offense at the time of the defendant's state conviction for that offense).