**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4213**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSE NICANOR ESCOBAR-LOPEZ,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Margaret B. Seymour, Senior District Judge. (5:12-cr-00808-MBS-11)

---

Submitted: May 18, 2015         Decided: July 6, 2015

---

Before GREGORY and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

James A. Brown, Jr., LAW OFFICES OF JIM BROWN, P.A., Beaufort, South Carolina, for Appellant. John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Nicanor Escobar-Lopez pleaded guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute and distribute 5 kilograms or more of cocaine and 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). The district court sentenced Escobar-Lopez to 240 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as an issue for review whether the Government proved that Escobar-Lopez's 1997 California state conviction for possession or purchase for sale of a narcotic controlled substance is a felony drug offense for the purpose of applying an enhanced sentence under 21 U.S.C. § 841(b)(1)(A). Escobar-Lopez has filed a pro se supplemental brief in which he questions whether his prior California conviction is a felony drug offense, argues that his enhanced sentence violates United States v. Simmons, 649 F.3d 237, 240-49 (4th Cir. 2011) (en banc), and raises additional challenges to his conviction and sentence. The Government declined to file a brief and does not seek to enforce the appeal waiver in Escobar-Lopez's plea agreement. We affirm.

We review de novo the district court's interpretation of the term "felony drug offense" used in § 841(b)(1)(A).

2

United States v. Burgess, 478 F.3d 658, 661 (4th Cir. 2007). While section 841 of Title 21 of the United States Code does not define the term "felony drug offense," Section 802(44) does. That section defines a "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). "[B]ecause the term 'felony drug offense' is specifically defined in § 802(44), and § 841(b)(1)(A) makes use of that precise term, the logical, commonsense way to interpret 'felony drug offense' in § 841(b)(1)(A) is by reference to the definition in § 802(44)." Burgess, 478 F.3d at 662 (internal quotation marks omitted).

Counsel and Escobar-Lopez question whether Escobar-Lopez's 1997 conviction--for which he received a suspended prison sentence and a three-year term of probation conditioned on the service of 265 days in county jail--was punishable by imprisonment for more than one year.

We conclude that the district court properly determined that the 1997 conviction was a predicate felony drug offense under § 841(b)(1)(A). The evidence before the court makes plain that the conviction was for possession or purchase for sale of a narcotic controlled substance, in violation of Cal. Health &

Safety Code § 11351 (West 1996), and was punishable by up to four years' imprisonment. That Escobar-Lopez was given a suspended prison term and probation with terms is of no legal significance. See United States v. Kerr, 737 F.3d 33, 36, 39 (4th Cir. 2013), cert. denied, 134 S. Ct. 1773 (2014); United States v. Williams, 508 F.3d 724, 730 (4th Cir. 2007). Additionally, because Escobar-Lopez, and not some hypothetical, worst-case offender, was eligible to receive a sentence of up to four years' imprisonment for the 1997 conviction, his enhanced sentence under § 841(b)(1)(A) does not violate Simmons.

Further, in accordance with Anders, we have reviewed the remainder of the record in this case and the remainder of Escobar-Lopez's pro se supplemental brief and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Escobar-Lopez, in writing, of the right to petition the Supreme Court of the United States for further review. If Escobar-Lopez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Escobar-Lopez.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>