**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4670**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MALCOLM ONEIL THOMAS, a/k/a Fresh,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Terry L. Wooten, Senior District Judge. (3:17-cr-00136-TLW-4)

Submitted: March 26, 2020                                    Decided: April 20, 2020

Before AGEE and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

David B. Betts, LAW OFFICES OF DAVID B. BETTS, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Benjamin N. Garner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Malcolm Oneil Thomas pled guilty, without a plea agreement, to conspiracy to possess with intent to distribute and distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2018). The district court sentenced Thomas to 120 months' imprisonment. Thomas appealed.

Counsel for Thomas filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Thomas' guilty plea. Thomas filed a pro se supplemental brief claiming that the court coerced him into pleading guilty and failed to make an adequate inquiry into his competency to plead guilty. Thomas also challenged his sentence, asserting that, in light of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, signed into law after entry of the district court's judgment, he was not subject to enhanced penalties under 21 U.S.C. § 851 (2018). We directed supplemental briefing on the issue of whether the First Step Act affected Thomas' eligibility for an enhanced sentence under § 851. For the reasons that follow, we affirm Thomas' conviction and sentence but remand for correction of the criminal judgment.

We first address Thomas' guilty plea. Because Thomas did not seek to withdraw his guilty plea in the district court, we review his challenges to his guilty plea for plain error. *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). "To establish plain error, [Thomas] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007). Even if Thomas satisfies these requirements,

2

"correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted). Our review of the record leads us to conclude that the district court adequately inquired as to Thomas' competency to plead guilty and substantially complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Thomas' knowing and voluntary guilty plea.

We now turn to the question of the applicability of the First Step Act to Thomas' sentence. The district court determined that Thomas was subject to enhanced penalties pursuant to 21 U.S.C. §§ 841(b)(1)(B), 851 (2012) (amended Dec. 21, 2018). Under 21 U.S.C. § 841(b)(1)(B)(ii)(III), a defendant generally faces 5 to 40 years' imprisonment if, like Thomas, he is convicted of conspiracy to possess with intent to distribute and distribute 500 grams or more of cocaine. However, if the defendant has a prior qualifying conviction and he receives proper notice under § 851, he faces an enhanced penalty of 10 years to life imprisonment. *Id.*, § 851. At the time Thomas was sentenced, such a qualifying prior conviction included a "felony drug offense," 21 U.S.C. § 841(b)(1)(B), which was, and still is, defined in relevant part as "an offense that is punishable by imprisonment by more than one year under any law . . . that prohibits or restricts conduct relating to narcotic drugs," 21 U.S.C. § 802(44) (2012); *see Braswell v. Smith*, __ F.3d __, __, No. 19-6200, 2020 WL 1035652, at *1 n.1 (4th Cir. Mar. 4, 2020).

The district court applied the enhanced penalty provision based on Thomas' 2013 South Carolina conviction for possession of cocaine. Under South Carolina law, Thomas' 2013 simple possession of cocaine conviction was punishable by up to two years'

3

imprisonment and therefore qualified as a "felony drug offense." *See United States v. Burgess*, 478 F.3d 658, 662 (4th Cir. 2007); S.C. Code Ann. § 44-53-370(d)(1) (2017) (establishing two-year maximum sentence for simple cocaine possession, first offense). Thus, Thomas qualified, at the time, for a § 851 enhancement.

Section 401 of the First Step Act amended § 841(b), replacing the term "felony drug offense" with "serious drug felony or serious violent felony." Pub. L. No. 115-391, § 401(a), 132 Stat. 5194, 5220-21. Thomas argues that his South Carolina simple possession conviction does not qualify as a "serious drug felony" under the First Step Act and, therefore, he no longer qualifies for enhanced sentencing.

Section 401(c) of the First Step Act provides that "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." 132 Stat. at 5221. The First Step Act became effective in December 21, 2018—after Thomas was sentenced. Nevertheless, Thomas argues that the First Step Act applies to him because his appeal was pending when the statute was enacted. This argument is foreclosed by our recent decision in *United States v. Jordan*, __ F.3d __, __, No. 17-4751, 2020 WL 1022420, at *9 (4th Cir. Mar. 3, 2020) (holding that § 403 of First Step Act, which has same retroactivity language as § 401, does not apply to cases pending on appeal at time of enactment and agreeing with other circuits holding that § 401 does not apply to cases pending on appeal at time of enactment).

4

We therefore affirm Thomas' conviction and sentence.[*] We remand, however, to allow the district court to correct the first page of the criminal judgment to specify that the nature of the offense was "Conspiracy to Possess with Intent to Distribute and Distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2018)."

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Thomas, in writing, of the right to petition the Supreme Court of the United States for further review. If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thomas. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*

---

[*] Because Thomas already has court-appointed counsel, we deny his motion for appointment of counsel.