**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4476

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MELVIN MCKINLEY CHILDRESS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth K. Dillon, Chief District Judge.  (7:21-cr-00011-EKD-1)

Submitted:  August 21, 2024                              Decided:  January 3, 2025

Before WILKINSON and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Melvin McKinley Childress guilty on four counts of knowingly and intentionally distributing a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court sentenced Childress to 168 months' imprisonment.  Childress appeals his convictions and sentence.  He first argues that the district court abused its discretion under Fed. R. Evid. 404(b) by admitting text messages related to non-charged drug transactions.  Second, Childress contends that the district court erred in finding that his prior distribution convictions under Va. Code Ann. § 18.2-248 were for "felony drug offenses" mandating sentence enhancement under 21 U.S.C. § 841(b)(1)(C).  Third, Childress argues that the district court erred in finding that those same convictions were for "controlled substance offenses" triggering the career offender enhancement under the Sentencing Guidelines.  We affirm.

Childress appeals the district court's decision to admit under Rule 404(b) evidence of text messages related to non-charged drug transactions.  We review the district court's evidentiary rulings for abuse of discretion.  *United States v. Weaver,* 282 F.3d 302, 313 (4th Cir. 2002).  We need not decide whether the district court erred, however, because, even if it did, admission of the challenged text messages was harmless. *See id.* at 313–14 (noting that "[e]videntiary rulings are subject to review for harmless error" and finding the evidence to be harmless "in light of the overwhelming evidence against the defendant").  Here, there was overwhelming evidence establishing that Childress distributed fentanyl to a confidential informant ("CI") on four occasions: text messages between Childress and the CI showed the two negotiating fentanyl sales; each transaction was captured using

2

covert audio and video recording devices; the CI testified during trial as to the transactions; and officers and a senior forensic chemist testified to the chain of custody and the analysis of the fentanyl. Because there is overwhelming evidence to support the jury's guilty verdicts, we find that the admission of the challenged evidence was harmless.

Next, Childress appeals the district court's finding that his prior convictions under Va. Code Ann. § 18.2-248 were for "felony drug offenses" mandating sentence enhancement under 21 U.S.C. § 841(b)(1)(C). A "felony drug offense" is a felony offense under state or federal law that "prohibits of restricts conduct relating to narcotics drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). "Narcotic drugs," meanwhile, encompass "[o]pium, opiates, derivatives of opium and opiates, including their isomers." 21 U.S.C. § 802(17). "Opiates" or "opioids" are "any drug or other substance having an addiction-forming or addiction-sustaining liability similar to morphine or being capable of conversion into a drug having such addiction-forming or addiction-sustaining liability." 21 U.S.C. § 802(18).

We consider de novo the question of whether a prior conviction qualifies as a "felony drug offense." *United States v. Burgess*, 478 F.3d 658, 661 (4th Cir. 2007). In doing so, we generally apply a categorical approach, asking whether "the elements of the state offense correspond in substance to the elements of the federal definition, without consideration of the individual's underlying conduct." *Cucalon v. Barr*, 958 F.3d 245, 250 (4th Cir. 2020) (internal quotation marks omitted). If so, "the state conviction is a categorical match to the federal definition." *Id.* (internal quotation marks omitted). On the other hand, "when a statute is divisible, that is, the statute lists multiple elements in the

3

alternative, and at least one of the resulting crimes is a categorical match to the federal definition," we apply a modified categorical approach, reviewing a limited class of documents, such as an indictment or plea agreement, to determine what elements supported the defendant's conviction and then comparing those elements to the federal definition. *Id.* (citing *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

Childress's prior convictions arose under Va. Code Ann. § 18.2-248, which is divisible by prohibited substance; therefore, the modified categorical approach applies. *See id.* at 248. The indictment and plea agreement in each of Childress's prior convictions show that the substance Childress distributed was heroin. Since heroin is an opium derivative, *see* 21 U.S.C. §§ 812(c) (Schedule I(b)), and therefore a narcotic drug under federal law, Childress' prior convictions qualify as felony drug offenses under the modified categorical approach. Accordingly, the district court did not err in enhancing his sentence under 21 U.S.C. § 841(b)(1)(C).[*]

Finally, Childress appeals the district court's finding that his prior state convictions were for "controlled substance offenses," triggering the career offender enhancement under the Guidelines. "We consider de novo the question of whether a prior conviction qualifies under the Guidelines as a 'controlled substance offense' for purposes of a sentencing

---

[*] Childress argues that Virginia prohibits the distribution of heroin and its isomers, while federal law prohibits only the distribution of heroin and its optical isomers. As such, Childress contends that one could theoretically violate Virginia law by distributing non-optical isomers—such as geometric or positional isomers—without violating the federal Controlled Substance Act. However, such an argument is irrelevant here where the modified categorical approach applies.

4

enhancement." *United States v. Campbell*, 22 F.4th 438, 441 (4th Cir. 2022) (cleaned up). Childress argues that, following *Campbell*, the least culpable conduct criminalized by Va. Code Ann. § 18.2-248 is an attempted distribution and, therefore, convictions under that statute cannot support a career offender enhancement. Childress's position is foreclosed by *United States v. Ward*, 972 F.3d 364, 374 (4th Cir. 2020), which held that convictions under § 18.2-248 "categorically qualify under the ordinary meaning of 'controlled substance offense' in § 4B1.2(b)." Accordingly, the district court did not err in finding that Childress's prior convictions were for "controlled substance offenses" triggering the career offender enhancement under the Guidelines.

For these reasons, we affirm Childress's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*