**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4187**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

SAMUEL JUVON BOWENS,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:07-cr-00050-RLV-DSC-14)

Submitted: April 14, 2011      Decided: April 28, 2011

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Denzil H. Forrester, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Juvon Bowens appeals his conviction after a jury trial and 324-month sentence for one count of conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, 851 (2006) and three counts of possession with intent to distribute a quantity of cocaine base and aiding and abetting in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), 18 U.S.C. § 2 (2006). We affirm.

Bowens raises four claims of error on appeal: (1) his conviction was based on insufficient evidence; (2) the district court impermissibly limited the scope of his cross-examination of a government witness; (3) the court erred in overruling his challenge to a sentence enhancement pursuant to 21 U.S.C. § 841; and (4) the district court miscalculated the amount of drugs accountable to him. For the reasons that follow, we reject each claim.

I.  Sufficiency of the Evidence

Bowens does not contest the sufficiency of the evidence forming the basis of his convictions for possession with intent to distribute cocaine base. Rather, he argues that the Government did not meet its burden to show that he was

2

engaged in a conspiracy to possess with intent to distribute cocaine and cocaine base.

"A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). We review a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). We review both direct and circumstantial evidence, and accord the government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). In reviewing for sufficiency of the evidence, we do not review the credibility of the witnesses, and assume that the jury resolved all contradictions in the testimony in favor of the government. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007). We will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution. Foster, 507 F.3d at 244-45.

Because this case involved a conspiracy charge under 21 U.S.C. § 846, the Government was required to prove (1) an agreement between Bowens and another person to engage in conduct

3

that violated a federal drug law; (2) Bowens's knowledge of the conspiracy; and (3) Bowens's knowing and voluntary participation in the conspiracy. United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001). Since a conspiracy is by its nature clandestine and covert, it is generally proved by circumstantial evidence. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). Evidence tending to prove a conspiracy may include a defendant's relationship with other members of the conspiracy, and the existence of a conspiracy may be inferred from a development and collocation of circumstances. Id. at 858. "Circumstantial evidence sufficient to support a conspiracy conviction need not exclude every reasonable hypothesis of innocence, provided the summation of the evidence permits a conclusion of guilt beyond a reasonable doubt." Id. (citation omitted).

It is unnecessary that the conspiracy have a "discrete, identifiable organizational structure." United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993). An important consideration is "whether the actor demonstrated a substantial level of commitment to the conspiracy, for example by engaging in a consistent series of smaller transactions that furthered its ultimate object of supplying the consumer demand of the market." Id. (citation and internal quotation marks and brackets omitted).

We have reviewed the record, and conclude that sufficient evidence supports Bowens's conspiracy conviction. While Bowens is correct that there was no direct evidence of a formal, structured drug enterprise, numerous witnesses testified that they purchased large quantities of cocaine base from Bowens, while others testified to selling large quantities of powder cocaine and cocaine base to Bowens. The volume of narcotics Bowens transacted clearly implies an effort to "further [his] object of supplying the consumer demand of the market" thereby satisfying the elements of a conspiracy charge. See id.

Bowens devotes much of his brief to attacking the credibility of the witnesses against him, as many were indicted as co-conspirators. It is axiomatic, of course, that we do not review the credibility of the witnesses. Kelly, 510 F.3d at 440.

II. Scope of Cross-Examination

Bowens next argues that the district court improperly limited the scope of his cross-examination of Dr. Hacene Boudries, an expert witness for the Government. Boudries, an analytic chemist, testified about the functionality of the GE Itemiser 3, a device that, in this case, identified traces of cocaine on currency that was taken from Bowens's person at the

5

time of his arrest.  Boudries testified that if used properly, the Itemiser 3 would only produce a "false alarm" in two percent of cases or less.  During cross-examination, Bowens sought to have Boudries characterize the machine's results as "opinions" or "fact."  The following exchange took place:

> Q.  .  .  .  Let me ask you, any of these test or results performed by the itemiser 3, are they fact? The conclusion, is that a fact?
>
> A.  [Y]eah, the results are – it's telling you with a high level of confidence that something – a drug has been detected . . . You can look at the level or the intensity of the peak. That's what it is.  I mean, it's an analytical tool that results.
>
> Q.  But that's a high level opinion, isn't' it, sir?
>
> A.  Sorry? Can you repeat your question, please.
>
> Q.  Your answer was the test results are considered fact, right?
>
> THE COURT:    That's argumentative, counselor.  You may move on to something else.
>
> Q.  Does a fact ever have less than a two percent failure rate?
>
> THE COURT:    Same ruling.
>
> Q.  Is it a fact that Charles deGualle [sic] is dead?
>
> THE COURT:    Same ruling.
>
> MR. FORRESTER [defense counsel]: No further questions.

Bowens challenges the court's actions on appeal. Because he did not object to, or otherwise challenge the court's decision in the district court, our review is for plain error. United States v. Olano, 507 U.S. 725, 732-35 (1993).  "To

establish plain error, [Bowens] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Bowens satisfies these requirements, "correction of the error remains within [the Court's] discretion, which [the Court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

A defendant has the right to have " a meaningful opportunity to present a complete defense.'" United States v. Smith, 451 F.3d, 209, 221 (4th Cir. 2006) (quoting United States v. Scheffer, 523 U.S. 303, 329 (1998)). Accordingly, "the right of cross examination is a precious one, essential to a fair trial," and the defendant should be given "a reasonable opportunity to conduct cross-examination that might undermine a witness's testimony." Id. (internal quotation marks omitted). However, the district court may "impose reasonable limits on cross-examination, [based] on such concerns as prejudice, confusion, repetition, and relevance." Id.

Based on our review of the record, we do not conclude that the district court plainly erred. Bowens's line of cross-examination had been explored thoroughly. Boudries acknowledged an error rate of two percent even in a properly administered

7

test; Bowens effort to have Boudries characterize this outcome was argumentative at best and invaded the province of the jury at worst. Moreover, Bowens could have changed his line of questioning to emphasize the incidence of false positive outcomes, but chose instead to end his examination. We cannot conclude, on these facts, that the district court erred, much less plainly so.

### III. Sentencing Enhancement

Bowens next claims that the district court erred in overruling his objection to the § 841 enhancement because the underlying state felony conviction was not a proper predicate for the purposes of § 841. He was convicted in 2003 in North Carolina court of felony possession of cocaine.

21 U.S.C. § 841(b)(1)(A) imposes a ten year mandatory minimum sentence for violations of § 841(a) if the defendant violates § 841(a) "after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b)(1)(A). Whether a district court properly interpreted the term "felony drug offense" in § 841(b)(1)(A) "involves a pure question of law," which we review de novo. United States v. Burgess, 478 F.3d 658, 661 (4th Cir. 2007).

Section 841 does not define the term "felony drug offense," but 21 U.S.C. § 802(44) (2006) does, "in plain and

8

unambiguous terms." Id. at 662. Section 802(44) defines felony drug offense as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). This court has held that "because the term 'felony drug offense' is specifically defined in § 802(44), and § 841(b)(1)(A) makes use of that precise term, the logical, commonsense way to interpret 'felony drug offense' in § 841(b)(1)(A) is by reference to the definition in § 802(44)." Burgess, 478 F.3d at 662 (internal quotation marks and alterations omitted).

Bowens does not argue that his 2003 North Carolina conviction for felony possession of cocaine was not punishable by more than one year's imprisonment or that it was unrelated to narcotics. Rather, he argues that the Supreme Court's decision in Lopez v. Gonzalez, 549 U.S. 47 (2006) implicitly abrogated § 802(44). In Lopez, the Supreme Court held that conduct that is a felony under state law but a misdemeanor under the Controlled Substances Act does not qualify as a "felony punishable under the Controlled Substances Act" sufficient to be considered an aggravated felony for purposes of the Immigration and Nationality Act. Lopez, 549 U.S. at 50.

9

We conclude that Bowens's reliance on Lopez is misplaced. Lopez involved a matter of statutory interpretation where Congress was silent, i.e., the issue of whether certain state felonies are also aggravated felonies under the Controlled Substance Act. See Lopez, 549 U.S. at 54 ("Congress can define an aggravated felony . . . in an unexpected way. But Congress would need to tell us so[.]").

Here, Congress has clearly willed that a "felony drug offense" is one that is "punishable by imprisonment for more than one year under any law of the United States or of a State[.]" 21 U.S.C. § 802(44) (emphasis added). Because Bowens's 2003 conviction was for a felony drug offense, the district court did not err in overruling Bowens's objection to the § 841 enhancement.

IV. Drug Amount Calculation

Finally, Bowens argues that the district court erred in finding that he was responsible for over 3.5 kilograms of powder cocaine and over three kilograms of cocaine base. This court reviews a drug quantity finding for clear error. United States v. Kellam, 568 F.3d 125, 147 (4th Cir. 2009). Under the clear error standard of review, we will reverse only if "left with the definite and firm conviction that a mistake has been committed." United States v. Jeffers, 570 F.3d 557, 570

10

(4th Cir. 2009) (internal quotation marks and citation omitted). At sentencing, the government need only establish the amount of drugs involved by a preponderance of the evidence. United States v. Brooks, 524 F.3d 549, 561-62 (4th Cir. 2008). "Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.12) (2009).

We conclude the district court did not err. While Bowens contests the veracity of witness testimony against him, that testimony is sufficient to form the basis for the drug amount attributed to Bowens. Again, this court will not revisit questions of witness credibility.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED

11