STATE OF NORTH CAROLINA v. JERMAINE DEREK BIVENS

No. COA02-265

(Filed 31 December 2002)

**1. Criminal Law— continuance—motion on day of trial—denied**

The trial court did not abuse its discretion by denying a cocaine defendant's motion for a continuance to find witnesses, made on the day of trial, where the defendant had been released on bond for five months and had met with his attorney the day before trial, but did not mention the witnesses until the day of trial.

**2. Criminal Law— guilty pleas—factual basis—type of supporting information**

The trial court did not err when accepting pleas of guilty to possession of cocaine and to being an habitual felon by permitting the State to orally provide the evidence necessary to support the guilty plea. A judge must find that a factual basis exists for a guilty plea, but the information upon which the judge depends is not limited.

**3. Sentencing— mitigating factors—presumptive sentence**

The trial court did not abuse its discretion by sentencing a cocaine possession defendant within the presumptive term even though the court found that mitigating factors existed and outweighed aggravating factors. Judges have the discretion to impose a sentence within the mitigated range, and likewise have the discretion to decline to do so and sentence within the presumptive term. N.C.G.S. § 15A-1340.16(b).

Appeal by defendant from judgment entered 30 October 2001 by Judge Michael E. Beale in Richmond County Superior Court. Heard in the Court of Appeals 31 October 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks, for the State.*

*McCotter, McAfee & Ashton, P.L.L.C., by Rudolph A. Ashton, III, and Kirby H. Smith, III, for defendant-appellant.*

CAMPBELL, Judge.

Defendant was indicted by the Richmond County Grand Jury on 25 June 2001 for possession with intent to manufacture, sell and deliver cocaine and on 6 August 2001 for habitual felon status. The case was called for trial on 30 October 2001, at which time defendant moved for a continuance to enable him to obtain necessary witnesses. Judge Michael E. Beale ("Judge Beale") inquired and learned that defendant had been free on bond since 25 May 2001, had met with his attorney the previous day, but had not mentioned the witnesses to his attorney before that morning. Judge Beale denied the motion, finding "this is not a Constitutional issue, and that he is not being denied the opportunity and right to subpoena witnesses; . . . any failure to obtain his witnesses has been his own fault, and not the result of any violation of his Constitutional rights." Defendant pled guilty to possession of cocaine and being an habitual felon. The court took the pleas in open court. The court found no aggravating factors, but found "the defendant has accepted responsibility for the defendant's criminal conduct" and "the defendant admitted responsibility as to pleading guilty to this charge" as mitigating factors. The court held the "factors in mitigation outweigh the factors in aggravation." The court then sentenced the defendant to 90 months to 117 months, within the presumptive range.

Defendant appeals and asserts the trial court erred by denying defendant's motion for a continuance, permitting the prosecutor to recite defendant's prior convictions for the purpose of proving habitual felon status, and sentencing defendant to the presumptive term after finding the factors in mitigation outweigh the factors in aggravation.

"In North Carolina, a defendant's right to appeal in a criminal proceeding is purely a creation of state statute. Furthermore, there is no federal constitutional right obligating courts to hear appeals in criminal proceedings." *State v. Pimental,* 153 N.C. App. 69, 72, 568 S.E.2d 867, 869 (2002) (citations omitted). A defendant who pled guilty may appeal on the basis of: (1) "whether his or her sentence is

supported by evidence . . . if the minimum sentence of imprisonment does not fall within the presumptive range" and whether the sentence imposed results from (2) an incorrect finding of the defendant's prior record or conviction level, or (3) a type of sentence disposition not authorized, or (4) a term of imprisonment not authorized. N.C. Gen. Stat. § 15A-1444(a1)-(a2) (2001). A defendant who pled guilty may also appeal the denial of a pre-trial motion to suppress, if he gives the prosecutor and court notice before entering his plea. N.C. Gen. Stat. § 15A-979 (2001). An appeal of right exists for denial of a motion to withdraw a guilty plea. N.C. Gen. Stat. § 15A-1444(e) (2001).

Defendant asserts the trial court erred by denying defendant's motion for a continuance and permitting the State to prove habitual felon status by orally reciting defendant's prior convictions. Neither of these issues are properly before the Court pursuant to a statutory appeal of right, therefore defendant asks the Court to consider his brief as a petition for a writ of certiorari. We decline to consider defendant's appeal on this issue on a petition for writ of certiorari.

[1] We note, however, the movant bears the burden of showing sufficient grounds to justify the continuance. *Wachovia Bank & Tr. Co. v. Templeton Olds.-Cadillac-Pontiac*, 109 N.C. App. 352, 356, 427 S.E.2d 629, 631 (1993). The question on appeal is whether the trial court abused its discretion in denying the motion. *Id.* Judge Beale, in his discretion, determined defendant had ample opportunity, while released on bond for the five months next preceding the court date, and during his meeting with his lawyer the day before trial, to advise his attorney of the witnesses. We find no merit to defendant's assertion that Judge Beale abused his discretion in denying his motion for a continuance.

[2] Additionally, North Carolina law provides that a judge, before accepting a guilty plea, must find a factual basis exists for the plea, but the information upon which the judge depends is not limited by the statute. N.C. Gen. Stat. § 15A-1022(c) (2001). Therefore, we find no merit to defendant's claim the trial court erred by permitting the State to orally provide the evidence necessary to support the guilty plea.

[3] Defendant asserts the trial court erred in sentencing defendant within the presumptive rather than the mitigated range since the mitigating factors outweighed the aggravating factors. Defendant does

not have an appeal as a matter of right, and asks the Court to consider his appeal as a petition for writ of certiorari. We agree, in our discretion, to consider defendant's appeal by way of a writ of certiorari to answer this important question regarding the extent of the trial court's discretion under the Structured Sentencing Act.

North Carolina law provides: "[t]he court may deviate from the presumptive range of minimum sentences of imprisonment . . . if it finds, pursuant to G.S. 15A-1340.16, that aggravating or mitigating circumstances support such a deviation." N.C. Gen. Stat. § 15A-1340.13(e) (2001). "The court shall consider evidence of aggravating or mitigating factors . . . but the decision to depart from the presumptive range is in the discretion of the court." N.C. Gen. Stat. § 15A-1340.16(a) (2001).

> If the court finds that aggravating or mitigating factors exist, it *may* depart from the presumptive range of sentences. . . . If the court finds that mitigating factors are present and are sufficient to outweigh any aggravating factors that are present, it *may* impose a sentence that is permitted by the mitigated range.

N.C. Gen. Stat. § 15A-1340.16(b) (2001).

Judge Beale, in the case at bar, found that mitigating factors existed, and that they outweighed the aggravating factors, but, in his discretion, sentenced defendant within the presumptive term. Since subsection(b) provides that if a judge finds that mitigating factors are present and outweigh any aggravating factors, he has the discretion to impose a sentence in the mitigated range, he *ipso facto*, likewise may in his discretion decline to do so and sentence in the presumptive range. Thus, the decision of the trial court is affirmed.

Affirmed.

Judges WALKER and McCULLOUGH concur.