**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5061**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

ANTHONY SCOTT LEACH,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (5:09-cr-00016-RLV-DSC-1)

_____

Submitted: September 13, 2011      Decided: September 15, 2011

_____

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Thomas A. O'Malley, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Scott Leach appeals from his 262-month sentence entered pursuant to his guilty plea to possession with intent to distribute crack cocaine. On appeal, Leach asserts that his sentence is procedurally unreasonable because the district court incorrectly found that he was a career offender. We affirm.

A defendant is a career offender if he was at least eighteen years old when the instant offense was committed, the instant offense is a felony and is either a crime of violence or a drug offense, and he has at least two prior felony convictions for crimes of violence or drug offenses. See U.S. Sentencing Guidelines Manual § 4B1.1(a) (2009). For purposes of career offender status, the Guidelines define a felony conviction as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," regardless of the actual sentence imposed. USSG § 4B1.2(b) & comment. (n.1). Leach's only claim on appeal is that his prior North Carolina conviction for "Possess With Intent To Manufacture, Sell or Deliver Cocaine" was not a qualifying felony because he received only a nine-to-eleven-month sentence.

Under the North Carolina Structured Sentencing Act, sentences are contingent on two factors: the designated "class of offense" and the offender's "prior record level." N.C. Gen.

2

Stat. § 15A-1340.13(b) (2009). The parties agree that Leach's prior conviction was a Class H offense and that his prior record level was IV. The parties further agree that, as there were no findings of mitigating or aggravating circumstances, Leach faced a minimum sentencing range of nine-to-eleven months. Id. at § 15A-1340.17(c). His corresponding maximum sentencing range was, therefore, eleven-to-fourteen months, depending upon the minimum sentence chosen by the sentencing court. Id. at § 15A-1340.17(d). Therefore, while Leach was only sentenced to nine-to-eleven months, his offense was punishable by more than twelve months, as the state court had the discretion to sentence Leach to a maximum sentence of eleven-to-fourteen months imprisonment without any further factual or legal findings. See United States v. Simmons, __ F.3d __, 2011 WL 3607266, *5 (4th Cir. Aug. 17, 2011) (holding that, for prior North Carolina convictions where no aggravating or mitigating circumstances are present, test is whether defendant could receive more than one year in prison based upon his offense class and prior record level).

As such, the challenged conviction was a qualifying conviction for career offender purposes, and the district court's calculation of the Guidelines range was not procedurally unreasonable. Accordingly, we affirm Leach's sentence. We grant the Government's motion for judicial notice of Leach's

3

prior conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED