Affirmed by published opinion. Judge DIAZ wrote the majority opinion, in which Judge AGEE joined. Judge DAVIS wrote a dissenting opinion.
DIAZ, Circuit Judge:
A jury convicted Norman Alan Kerr of possession of a firearm after being previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The district court determined that Kerr qualified as an armed career criminal under the Armed Career Criminal Act (“ACCA”), 18 U.S.C. § 924(e), and sentenced him to 268 months’ imprisonment.
Kerr raises three issues in this appeal. First, he contends that his prior North Carolina state convictions do not qualify as predicate felonies for sentencing under the ACCA because he was sentenced in the mitigated range — as opposed to the presumptive range — of punishment under North Carolina’s Structured Sentencing Act. Second, he argues that the same reasoning precludes his § 922(g)(1) conviction, which similarly requires a predicate felony offense. Finally, Kerr asserts that his counsel in his initial appeal rendered ineffective assistance by failing to challenge his conviction on the basis that he lacked a predicate felony. We disagree with Kerr’s first two arguments and find that the third one is moot. We therefore affirm the district court’s judgment.
I.
Kerr was charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). The indictment alleged that, for the purposes of the ACCA, Kerr had previously been convicted of three violent felonies or serious drug offenses punishable by imprisonment for a term greater than one year. The record establishes that Kerr had three 2008 North Carolina state convictions for felony breaking and entering.[1]
Following a jury trial, Kerr was convicted of possession of a firearm by a convicted felon. At his sentencing hearing, Kerr objected to his designation as an armed career criminal under § 924(e), which required that Kerr have a combination of three convictions for violent felonies or serious drug offenses. The district court overruled the objection, relying on then-binding precedent that a North Carolina state conviction constitutes a crime punishable by a term of imprisonment exceeding one year “if any defendant charged with that crime could receive a sentence of more than one year,” United States v. Harp, 406 F.3d 242, 246 (4th Cir.2005), overruled by United States v. Simmons, 649 F.3d 237 (4th Cir.2011) (en banc). As a result, the court sentenced Kerr under the ACCA to 268 months’ imprisonment.
Kerr appealed, arguing that the district court erred in denying his motion to substitute counsel and in sentencing him under the ACCA. We placed the appeal in *35 abeyance pending our decision on rehearing in Simmons. Our en banc opinion in Simmons overruled Harp and held that a North Carolina conviction is a crime punishable by a term of imprisonment exceeding one year only if the particular defendant is eligible for such a sentence, taking into account his criminal history and the nature of his offense. See 649 F.3d at 247 & n. 9.
We subsequently affirmed the district court’s denial of Kerr’s motion to substitute counsel and vacated Kerr’s sentence because Harp was no longer good law. With respect to sentencing, we expressed no opinion regarding whether Kerr’s prior state convictions qualified as predicate felonies.
On remand, Kerr’s counsel filed a motion asking the court to vacate Kerr’s conviction and dismiss the indictment. Prior to resentencing, the probation officer prepared a supplement to the original presen-tence investigation report, concluding that Kerr’s 2008 state breaking and entering convictions were each punishable by a presumptive maximum sentence of 14 months’ imprisonment and thus qualified as ACCA predicates. The district court denied counsel’s motion to vacate and dismiss. Agreeing that the prior breaking and entering convictions qualified as ACCA-pred-icate crimes, the court again sentenced Kerr to 268 months’ imprisonment. This appeal followed.
II.
A.
We review de novo the question of whether a prior state conviction is a predicate felony for the purposes of federal criminal law. See United States v. Jones, 667 F.3d 477, 482 (4th Cir.2012). In order for a defendant to be sentenced as an armed career criminal on a felon-in-possession conviction, the defendant must have a combination of three convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e). A violent felony is a crime of violence punishable by a term exceeding one year of imprisonment. 18 U.S.C. § 924(e)(2)(B).
B.
To properly analyze Kerr’s arguments, we must first review his 2008 state convictions under the sentencing regime mandated by North Carolina’s statutory framework.
North Carolina’s Structured Sentencing Act directs a judge to impose felony sentences based on two criteria: the designated offense class and the offender’s prior record level. N.C. Gen.Stat. § 15A-1340.13(b). The Act, or in certain cases a different statute, sets forth the offense class. Id. § 15A-1340.17(a). The sentencing judge calculates the offender’s prior record level by adding the points assigned to each of the offender’s prior convictions. Id. § 15A-1340.14(a)-(b).
Next, the judge matches the offense class and prior record level using a statutory table, which provides three sentencing ranges — a mitigated range, a presumptive range, and an aggravated range. Id. § 15A-1340.17(c). As a default, the judge sentences the defendant within the presumptive range. The judge may deviate from the presumptive range, however, if the judge makes written findings of aggravating or mitigating factors established by the Act, finds that aggravating factors outweigh mitigating factors (or vice versa), and chooses to depart from the presumptive range.[2] Id. §§ 15A-1340.13(e), 15A-1340.16(b), (c).
*36 After identifying the applicable sentencing range, the judge must select the defendant’s minimum sentence from within that range.[3] Id. § 15A-1340.17(c). Once the judge selects the minimum sentence, separate statutory charts provide the corresponding maximum sentence. Id. § 15A-1340.17(d)-(e).
C.
We turn now to Kerr’s three 2008 breaking and entering convictions, which constituted Class H felonies. At the time of sentencing for those state convictions, Kerr had a prior record level of IV. Pursuant to the statutory charts, he thus faced a presumptive minimum term of 9 to 11 months’ imprisonment and a corresponding presumptive maximum sentence of 14 months’ imprisonment.[4]
The state sentencing judge found, however, that the factors in mitigation outweighed those in aggravation and that a mitigated sentence was justified. The judge then exercised her discretion to depart from the presumptive range and sentenced Kerr in the mitigated range. The mitigated range included a possible maximum sentence of 11 months’ imprisonment. Ultimately, the judge sentenced Kerr to 8 to 10 months’ imprisonment.
III.
A.
Kerr contends that because the state court judge chose to sentence him in the mitigated, range, he could not have been sentenced to a term of imprisonment for greater than one year for any of his three 2008 breaking and entering convictions.[5] As a result, Kerr contends that he lacks the requisite predicate felonies for sentencing as an armed career criminal under this court’s reasoning in Simmons.
Simmons did not, however, decide the precise issue before us. Rather, we considered there whether a prior North Carolina state conviction for marijuana possession, for which the defendant faced no possibility of imprisonment, constituted an offense punishable by imprisonment for more than one year, thereby triggering a sentencing enhancement under the Controlled Substances Act. Simmons, 649 F.3d at 239. A panel of this court originally affirmed Simmons’s sentence in an unpublished disposition, but the Supreme Court vacated that judgment and remanded the case for further consideration in light of Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). Simmons, 649 F.3d at 239.
*37 In Carachuri-Rosendo, the question presented was whether a lawful permanent resident of the United States was barred from seeking cancellation of removal under the Immigration and Nationality Act (the “INA”) because he had previously been convicted of an aggravated felony. 130 S.Ct. at 2580. As the Court explained, the INA defined an “aggravated felony” to include any crime “punishable as a federal felony” under the Controlled Substances Act — i.e., a crime for which the “maximum term of imprisonment authorized” exceeds one year. Id. at 2581 (internal quotation marks omitted).
Carachuri-Rosendo had previously been convicted of two misdemeanor drug possession offenses in Texas. Id. at 2580. The government argued nonetheless that Carachuri-Rosendo had been convicted of an aggravated felony because he hypothetically could have received a two-year sentence for his second misdemeanor offense if he had been prosecuted in federal court. Id. at 2582. This was true because a defendant may receive a two-year maximum sentence under federal law for possession of narcotics if the defendant has a prior drag conviction. Id. at 2581.
The Court, however, rejected this hypothetical approach, reasoning that the statutory text “indicates that we are to look to the conviction itself as our starting place, not to what might have or could have been charged.” Id. at 2586. Examining Cara-churi-Rosendo’s second state conviction, the Court noted that he was convicted of a misdemeanor simple drug possession offense without any finding of recidivism. Id. The maximum prison sentence authorized for such a conviction was one year. Id. at 2581 n. 4. Therefore, the Court held that the petitioner was, “not actually convicted” of an offense punishable by a term of imprisonment exceeding one year. Id. at 2586-87 (internal quotation marks omitted).
We subsequently determined that Car-achuri-Rosendo required us to vacate Simmons’s sentence. In reaching this conclusion, we explained that Carachuri-Rosendo directly undermined our earlier decision in Harp. Simmons, 649 F.3d at 246. Specifically, we determined that in deciding whether a sentencing enhancement was appropriate under the Controlled Substances Act, a district court could no longer look to a hypothetical defendant with the worst possible criminal history. Instead, we held that a sentencing court may only consider the maximum possible sentence that the particular defendant could have received. See id. at 247 & n. 9. Conducting that analysis, we explained, “requires examination of three pieces of evidence: the offense class, the offender’s prior record level, and the applicability of the aggravated sentencing range.” Id. at 247 n. 9.
Applying that analysis, we first found that Simmons was convicted of a Class I felony and had a prior record level of I. Id. at 240-41. We explained that
[u]nder the Act, a Class I felony is punishable by a sentence exceeding twelve months’ imprisonment only if the State satisfies two conditions. First, the State must prove (or the defendant must plead to) the existence of aggravating factors sufficient to warrant the imposition of an aggravated sentence. Second, the State must demonstrate that the defendant possesses fourteen or more criminal history points, resulting in a “prior record level” of at least 5. If the State fails to satisfy either of these conditions, a Class I offender can never receive more than one year’s imprisonment.
Id. (internal citations omitted). Because the State satisfied neither condition, id. at 241, we held that Simmons’s prior North *38 Carolina conviction could not be- used to enhance his federal sentence, see id. at 244. ...
Following our decision in Simmons, we have rejected defendants’ arguments that they lack the requisite predicate felonies because the actual sentence they received under North Carolina law was less than a year of imprisonment. See, e.g., United States v. Edmonds, 679 F.3d 169, 176 (4th Cir.), vacated on other grounds, -— U.S. -, 133 S.Ct. 376, 184 L.Ed.2d 4 (2012); United States v. Leach, 446 Fed.Appx. 625, 626 (4th Cir.2011) (unpublished). In Ed-monds, for example, the defendant argued that he lacked a predicate felony offense because he actually received a sentence of 9 to 11 months’ imprisonment.[6] 679 F.3d at 176. Edmonds had a prior record level of IV, the offense was a Class H felony, and there was no showing of aggravating factors. Id. Under the Structured Sentencing Act, he faced a maximum presumptive sentence of 14 months’ imprisonment. Id.
We concluded that Edmonds had a qualifying predicate felony because he “could have received” a sentence greater than one year. Id. at 176-77. We reached the same result in Leach. See 446 Fed.Appx. at 626 (“[WJhile Leach was only sentenced to nine-to-eleven months, his offense was punishable by more than twelve months, as the state court had the discretion to sentence Leach to a maximum sentence of eleven-to-fourteen months imprisonment without any further factual or legal findings.”). In both cases, the defendant was exposed to a sentence in excess of one year even though he actually received a sentence of less than one year. The maximum sentence the particular defendant faced — not the sentence actually imposed — controlled whether the defendant had a qualifying predicate felony.
B.
Kerr’s appeal presents an issue that neither Simmons nor its progeny expressly address: Must a district court, in determining whether a defendant has the requisite predicate felonies for sentencing as an armed career criminal, consider the fact that the , defendant received a mitigated sentence of less than one year in prison under North Carolina law for those felonies? To answer this question, we return to the Structured Sentencing Act.
As explained above, North Carolina law establishes three' sentencing ranges based on the appropriate offense class and prior record level. N.C. Gen.Stat. § 15A-1340.17(c). The presumptive sentencing range is the default. The sentencing judge may deviate from the presumptive range if the judge makes written findings of aggravating or mitigating factors, finds that aggravating factors outweigh mitigating factors (or vice versa), and chooses to depart. Id. §§ 15A-1340.13(e), 15A-1340.16(b), (c); see also Simmons, 649 F.3d at 240. But North Carolina law also provides that a judge may sentence a defendant in the presumptive range even if the judge finds that mitigating factors outweigh those in aggravation. State v. Bivens, 155 N.C.App. 645, 573 S.E.2d 259, 261-62 (2002).
The state court judge who sentenced Kerr found that the relevant mitigating factors outweighed those in aggravation and then chose to exercise her discretion by sentencing Kerr to a mitigated range sentence of 8 to 10 months’ imprisonment for his crimes. But just as in Edmonds, the judge remained free at all times to *39 sentence Kerr to a presumptive prison term of up to 14 months.
We have great respect for our distinguished colleague in dissent. But in focusing — we think myopically — on the actual sentence[7] that Kerr received after the state judge weighed the relevant factors in aggravation and mitigation, our friend seeks to rewrite the teachings of Simmons and Edmonds. We, however, are bound to apply the law as it exists, not as our colleague would like it to be. Because the maximum possible prison sentence that Kerr faced for his prior state convictions exceeded one year, and because that potential punishment was far from hypothetical,[8] we hold that Kerr’s prior state convictions qualify as predicate felonies for sentencing under the ACCA. Our holding remains faithful to our directive in Simmons requiring that sentencing courts examine “three pieces of evidence: the offense class, the offender’s prior record level, and the applicability of the aggravated sentencing range,” 649 F.3d at 247 n. 9. The district court properly considered these three elements and therefore did not err in sentencing Kerr as an armed career criminal.
IV.
Kerr also contends that the district court erred in denying his motion to vacate his § 922(g)(1) conviction and dismiss the indictment, again because he lacked the requisite predicate felony offense.[9] In order for a defendant to be convicted of possession of a firearm by a convicted felon, he must have been previously convicted of a crime punishable by a term of imprisonment exceeding one year. 18 U.S.C. § 922(g)(1).
As we have already explained, Ken-faced a presumptive maximum sentence of 14 months’ imprisonment for his state convictions. Therefore, Kerr has the requisite predicate felony for his § 922(g)(1) conviction. We thus hold that the district court did not err in denying Kerr’s motion to vacate his conviction and dismiss the indictment.
V.
Finally, we asked the parties to brief whether Kerr’s prior appellate counsel in his first appeal rendered ineffective assistance because he failed to challenge Kerr’s conviction on the basis that Kerr lacked a predicate felony.
When we remanded this case to the district court following Kerr’s first appeal, the district court considered Kerr’s challenge to his conviction on the merits. And *40 today we have concluded that Kerr is not actually innocent of his § 922(g)(1) conviction on the basis that he lacks a predicate felony. As a result, Kerr’s contention that his prior appellate counsel was ineffective for failing to raise this very issue in his first appeal is now moot.
VI.
For the reasons given, we affirm the district court’s judgment.

AFFIRMED.

. The indictment also alleges that Kerr had been convicted of other crimes that were punishable by imprisonment for a term exceeding one year. The government concedes, and we agree, that Kerr could not have received a sentence in excess of one year for those offenses.

. With respect to the aggravated sentencing range, a judge may depart only if the state has *36 provided the defendant with written notice of its intent to prove the necessary aggravating factors at least 30 days before the trial or entry of a plea. Id. § 15A-1340.16(a6). Moreover, with two exceptions, a jury must have found aggravating factors exist beyond a reasonable doubt or the defendant must have pleaded to the existence of those factors. See id. §§ 15A-1340.16(a)-(al), (b). With respect to the mitigated sentencing range, the defendant bears the burden of proving any mitigating factors by a preponderance of the evidence. Id. § 15A-1340.16(a).

.In rare cases where the judge finds "extraordinary mitigating factors,” the judge may impose a lesser sentence. Id. § ISA-1340.13(g). The judge does not have discretion to impose a more severe sentence, however, even in extraordinary cases. Simmons, 649 F.3d at 240 n. 2.

. After Kerr was sentenced for the three 2008 breaking and entering convictions, the Act's statutory charts were amended to increase the maximum sentences. See Justice Reinvestment Act of 2011, 2011 N.C. Sess. Laws 192 §§ 2(e)-(f).

. Kerr does not contest that these convictions were for crimes of violence.

. Edmonds conceded that one of his prior convictions at issue was a qualifying predicate felony. 679 F.3d at 176.

. The dissent says that it does not argue "for an assessment of the defendant’s actual sentence” but rather "for an assessment of the defendant's actual sentencing range.” Dis. op. at 43 n. 1. In our view, however, this is a distinction without a difference, as both are inconsistent with the reasoning of Simmons and Edmonds.

. Our holding today is not, as the dissent paints it, "Harp redux,” nor is it paradoxical. Harp summarily branded every defendant facing an ACCA enhancement for his prior North Carolina convictions as the worst possible offender under North Carolina's sentencing scheme. While Simmons rejected that hypothetical approach to federal sentencing, we subsequently made clear "that the qualification of a prior conviction [as a predicate offense] does not depend on the sentence [a defendant] actually received but on the maximum sentence that he could have received for his conviction.” Edmonds, 679 F.3d at 176. Our decision today flows from a straightforward application of our precedent.

.We asked the parties to brief whether the mandate rule foreclosed the district court, on remand, from considering Kerr's challenge to his conviction. Both parties contend that the mandate rule does not foreclose this argument, and we agree.