**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4470**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MALCOLM ROLAND ALLEN,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:08-cr-00222-RDB-1)

Submitted:  March 12, 2014        Decided:  March 21, 2014

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David I. Schoen, DAVID I. SCHOEN, ATTORNEY AT LAW, Montgomery, Alabama, for Appellant.  Rod J. Rosenstein, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Malcolm Roland Allen pled guilty to one count of possession with intent to distribute cocaine base and methylenedioxy-methamphetamine ("MDMA"), in violation of 21 U.S.C. § 841(a)(1) (2006), and was sentenced to 216 months in prison. Allen asserts that his plea was unknowing and involuntary because the indictment against him was allegedly duplicitous. Allen also argues that the district court erred in imposing his sentence because: (1) he asserts that under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he should not have been sentenced as a career offender; (2) the district court refused to apply the Fair Sentencing Act ("FSA") and Amendment 750 at his "re-sentencing[;]" and (3) he asserts he should be re-sentenced in light of the Supreme Court's holding in Alleyne v. United States, 133 S. Ct. 2151 (2013). We have considered Allen's arguments and find no reversible error.

For instance, we reject Allen's assertion that the indictment against him was duplicitous because it charged in a single count the possession with intent to distribute two types of narcotics (i.e., cocaine base and MDMA), in violation of his Fifth and Sixth Amendment rights. It is well-established that a valid guilty plea waives all non-jurisdictional defects in the indictment, including a duplicity challenge. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) (holding that a valid guilty

2

plea waives non-jurisdictional defects); United States v. Cotton, 535 U.S. 625, 631 (2002) (defects in the indictment are not jurisdictional); see also United States v. Moloney, 287 F.3d 236, 239 (2d Cir. 2002). Because we find that Allen's guilty plea was valid, we reject his duplicity argument and affirm his conviction.

We also affirm Allen's sentence. This court reviews a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir.), cert. denied, ___ U.S. ___, 133 S. Ct. 216 (2012); see Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 162 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. § 3553(a) (2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district

3

court, we review for abuse of discretion" and will reverse unless we conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). For instance, if "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." Id. at 578. However, we review unpreserved non-structural sentencing errors for plain error. Id. at 576–77. If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Although Allen challenges his career offender classification on several grounds, we reject his argument that he was improperly classified as a career offender. For instance, we reject Allen's argument that his prior narcotics conviction was not a proper career offender predicate because it was allegedly not "punishable by imprisonment for a term exceeding one year" under Simmons. Allen's prior narcotics conviction, rather than being based on North Carolina's statutory sentencing scheme as was the conviction at issue in Simmons, was a violation of Maryland law, for which the maximum penalty was five years. The fact that Allen served less than a

4

year in jail is not dispositive of the issue.  Cf. United States v. Kerr, 737 F.3d 33, 38 (4th Cir. 2013) ("Following our decision in Simmons, we have rejected defendants' arguments that they lack the requisite predicate felonies because the actual sentence they received under North Carolina law was less than a year of imprisonment."), pet. for cert. filed, Feb. 25, 2014 (No. 13-8839).  We have considered Allen's arguments pertaining to his career offender classification and discern no reversible error in the district court's classification.

We also discern no error in the district court's failure to apply the FSA and Amendment 750 in determining Allen's sentence.  It is well-established that the FSA does not apply retroactively to defendants, like Allen, whose criminal conduct and sentence pre-dated the statute.[1]  See Dorsey v. United States, ___ U.S. ___, 132 S. Ct. 2321, 2331 (2012); United States v. Allen, 716 F.3d 98, 107 (4th Cir.), cert. denied, 133 S. Ct. 2819 (2013).  Although the district court entered an amended criminal judgment after the FSA's effective date to allow Allen to file a direct appeal, the amended judgment was a remedy in Allen's habeas proceeding and did not

---

[1]  Although Amendment 750 was made retroactive, Allen's career offender status requires that his offense level remain as calculated at his original sentencing.  See U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(b) (2012).

follow a full re-sentencing.  See United States v. Hadden, 475 F.3d 652, 661 & n.9 (4th Cir. 2007) (recognizing that when a district court enters an amended judgment at the end of a habeas proceeding as a way to remedy counsel's ineffective assistance, this action only "corrects" the defect in the prior proceedings and does not necessarily amount to a full re-sentencing).

Moreover, because Allen was sentenced to a term well above the post-FSA mandatory minimum applicable to his crime, and since a review of the transcript from Allen's sentencing hearing establishes that the then-applicable ten-year statutory mandatory minimum had no influence on the district court's ultimate sentencing determination, we find that any error in the district court's failure to apply the FSA at re-sentencing would be harmless.  See United States v. Montes-Flores, 736 F.3d 357, 369-71 (4th Cir. 2013) (reiterating that procedural sentencing errors are subject to harmlessness review and explaining that an error is harmless if the Court can determine that "the district court would have reached the same result even if it had decided the . . . issue the other way" and that the resulting "sentence would be reasonable even if the . . . issue had been decided in the defendant's favor") (internal quotation marks and citations omitted).

We have considered the parties' arguments and find no reversible error by the district court.[2]  Accordingly, we affirm the district court's amended judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2]  We reject Allen's argument that his sentence violates Alleyne.  Allen's argument to the contrary, his career offender status as found by the district court did not increase the statutory mandatory minimum sentence applicable to his crime. See USSG § 4B1.1 (2012).  Thus, the facts found by the district court that allowed Allen to be designated a career offender were not required to be included in the indictment against him and proven beyond a reasonable doubt.  See Alleyne, 133 S. Ct. at 2155, 2163-64 (holding that any fact that increases a statutory mandatory minimum is an element of the offense and must be submitted to the jury and found beyond a reasonable doubt).