**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4265**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

       v.

DEQUANTEY MAURICE WILLIAMS,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:12-cr-00110-CCE-1)

Submitted: June 26, 2014          Decided: July 1, 2014

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dequantey Maurice Williams pled guilty to possession of a firearm by a person previously convicted of a felony offense. 18 U.S.C. §§ 922(g)(1), 924(e) (2012). The district court determined that Williams qualified as an armed career criminal subject to a 180-month minimum sentence. The court departed downward and sentenced Williams to 153-months imprisonment. He appeals, challenging the determination that he qualified as an armed career criminal, 18 U.S.C. § 924(e). We affirm.

Section 924(e) provides for a 180-month minimum sentence upon violation of § 922(g) by a person who has three or more prior felony convictions for either violent felonies or serious drug trafficking offenses. 18 U.S.C. § 924(e)(1). Williams concedes that he had two qualifying predicate offenses. At issue in this appeal is whether Williams' 2005 conviction of North Carolina common law robbery is a crime punishable by a term of imprisonment exceeding one year, thus qualifying as a felony offense and the third predicate conviction required for Williams to be sentenced as an armed career criminal.

In United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), we held that a North Carolina conviction is a crime punishable by more than one year of imprisonment if the particular defendant is eligible for a sentence of more than one

2

year, taking into account his criminal history and the nature of his offense. Id. at 247 & n.9. Williams contends that the common law robbery offense does not qualify because he was sentenced within the mitigated range under North Carolina's Structured Sentencing Act, to 8 to 10 months imprisonment. This court has held that, although a defendant is sentenced within the mitigated range, the maximum sentence the defendant could receive is determined by the presumptive range under the North Carolina Structured Sentencing Act. See United States v. Kerr, 737 F.3d 33, 38-39 (4th Cir. 2013), cert. denied, 134 S. Ct. 1773 (2014); see also North Carolina v. Bivens, 573 S.E.2d 259, 261–62 (N.C. App. 2002) (providing that, even if judge finds that mitigating factors outweigh aggravating factors, the judge may sentence the defendant within the presumptive range). Because the maximum sentence in the presumptive range for Williams' common law robbery offense exceeded 12 months, this conviction qualified as a felony offense, and thus his armed career criminal enhancement was proper.

Accordingly, we affirm Williams' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3