An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e    P r o c e d u r e .

NO. COA14-37

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

STATE OF NORTH CAROLINA

    v.                              Mecklenburg County
                                    No. 10 CRS 233832
CHEOKEE THORPE


On writ of certiorari to review judgment entered 19 January 2011 by Judge H. William Constangy in Mecklenburg County Superior Court. Heard in the Court of Appeals 30 June 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Joseph L. Hyde, for the State.*

> *Anna S. Lucas for defendant-appellant.*

BRYANT, Judge.

Pursuant to N.C. Gen. Stat. § 15A-1340.16, the decision whether to sentence a defendant in the presumptive or mitigated range is within the discretion of the trial court.

On 19 January 2011, pursuant to a plea agreement, defendant pled guilty to robbery with a dangerous weapon and conspiracy to

commit robbery with a dangerous weapon. The charges were consolidated for judgment and defendant was sentenced to 64 to 86 months imprisonment.

On 3 July 2013, defendant filed a *pro se* petition for writ of certiorari in this Court seeking review of the judgment entered upon his guilty plea. By order entered 16 July 2013, this Court allowed defendant's petition for writ of certiorari, limiting review to "those issues designated in N.C. Gen. Stat. § 15A-1444(a2) (2011) as reviewable in an appeal from a judgment entered upon a guilty plea."

_____

On 28 March 2014, the State filed a motion to dismiss defendant's appeal, contending defendant lacks a right to appeal this issue and that the issue is beyond the scope of review allowed by this Court in its order. In our discretion we deny the State's motion to dismiss defendant's appeal and address the merits of defendant's argument.

_____

In his sole argument on appeal, defendant contends his case should be remanded to the trial court for a new sentencing hearing because it appears from the record that the trial court

intended to sentence him in the mitigated range rather than in the presumptive range. We disagree.

"The court may deviate from the presumptive range of minimum sentences of imprisonment specified for a class of offense and prior record level if it finds, pursuant to G.S. 15A-1340.16, that aggravating or mitigating circumstances support such a deviation." N.C. Gen. Stat. § 15A-1340.13(e) (2013). "The court shall consider evidence of aggravating or mitigating factors present in the offense that make an aggravated or mitigated sentence appropriate, but the decision to depart from the presumptive range is in the discretion of the court." *Id.* § 15A-1340.16(a) (2013).

> If aggravating factors are present and the court determines they are sufficient to outweigh any mitigating factors that are present, it *may* impose a sentence that is permitted by the aggravated range described in G.S. 15A-1340.17(c)(4). If the court finds that mitigating factors are present and are sufficient to outweigh any aggravating factors that are present, it *may* impose a sentence that is permitted by the mitigated range described in G.S. 15A-1340.17(c)(3).

*Id.* § 15A-1340.16(b) (2013) (emphasis added).

Here, the trial court found that mitigating factors existed and that they outweighed the aggravating factors, but sentenced defendant in the presumptive range. Defendant argues that since

the trial court made these findings and failed to check the box on the judgment that states the court makes no written findings of fact because the prison term is in the presumptive range, the case should be remanded for a new sentencing hearing. We are not persuaded. This Court has held that "[s]ince subsection(b) [sic] [of N.C.G.S. 15A-1340.16] provides that if a judge finds that mitigating factors are present and outweigh any aggravating factors, he has the discretion to impose a sentence in the mitigated range, he *ipso facto*, likewise may in his discretion decline to do so and sentence in the presumptive range." *State v. Bivens*, 155 N.C. App. 645, 648, 573 S.E.2d 259, 262 (2002). As such, it was within the trial court's discretion to sentence defendant in the presumptive, rather than mitigated, range. Accordingly, the decision of the trial court is affirmed.

Affirmed.

Judges STROUD and HUNTER, Robert N., Jr., concur.

Report per Rule 30(e).