**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-4169**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MONTRELL RAYNOR TUCKER,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, Chief District Judge.  (5:14-cr-00214-D-1)

───────────

Submitted:  November 30, 2015       Decided:  January 19, 2016

───────────

Before WILKINSON, KING, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Montrell Raynor Tucker pled guilty without a plea agreement to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). He received a 78-month sentence. His sole claim on appeal is that the sentencing court erred in applying U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2014) (directing a base offense level of 20 if the defendant committed the offense after sustaining a felony conviction for either a "crime of violence" or controlled substance offense), in light of the Supreme Court's subsequent decision in Johnson v. United States, 135 S. Ct. 2551 (2015). We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49-51. If a sentence is free of "significant procedural error," we then review it for substantive reasonableness, "taking into account the totality of the

2

circumstances." Id. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. Id.

Tucker maintains that he is entitled to resentencing because his prior North Carolina conviction for attempted breaking and entering no longer constitutes a "crime of violence" for purposes of USSG § 2K2.1(a)(4)(A) in light of Johnson, in which the Supreme Court held that the residual clause of the Armed Career Criminal Act—the final clause of 18 U.S.C. § 924(e)(2)(B)(ii) (2012)—is unconstitutionally vague. 135 S. Ct. at 2557 ("[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law.").

Because Tucker did not object below to the application of USSG § 2K2.1(a)(4)(A), his claim that the district court improperly calculated his Guidelines range is reviewed for plain error, a standard which requires Tucker to establish (1) an error, (2) that is plain, and that not only (3) affects his substantial rights, but also (4) seriously affects the fairness,

3

integrity, or public reputation of judicial proceedings.  United States v. Brack, 651 F.3d 388, 392 (4th Cir. 2011).

Assuming, without deciding, that Tucker's prior conviction for attempted breaking and entering no longer qualifies as a crime of violence in light of Johnson, our review of the record confirms that Tucker has a prior 2005 North Carolina conviction for selling cocaine, which in any event serves as a qualifying offense under the disputed Guideline.  With respect to this prior conviction, a Class G felony, the state court sentenced Tucker in the mitigating sentencing range to 8 to 10 months' imprisonment.  Although United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) prohibits a district court from considering the aggravated sentencing range unless that range applied in the defendant's case, we have held that a district court should consider the presumptive range of a defendant who was sentenced in the mitigated range.  United States v. Kerr, 737 F.3d 33, 38-39 & n.8 (4th Cir. 2013) (noting that North Carolina law allows judges to impose sentences within presumptive range even if mitigated range applies, whereas judges may not impose sentences in aggravated range absent requisite findings), cert. denied, 134 S. Ct. 1773 (2014). Here, even though Tucker was sentenced in the mitigated range, his presumptive sentencing range for the drug offense allowed for a maximum sentence of more than 12 months' imprisonment.

4

See N.C. Gen. Stat. § 15A-1340.17(c) (2013) (providing presumptive sentence of 10 to 13 months for defendant convicted of Class G felony with prior Record Level I).

Thus, the district court did not plainly err in applying USSG § 2K2.1(a)(4)(A) to fashion Tucker's sentence. Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED